UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-066(1) (PJS/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MOHAMMAD JAWAID AZIZ,<br>a/k/a "Jawaid Aziz Siddiqui",<br>a/k/a "Jay Siddiqui"<br>          Defendant. | )<br>) **GOVERNMENT'S NOTICE**<br>) **OF INTENT TO INVOKE**<br>) **THE CLASSIFIED**<br>) **INFORMATION**<br>) **PROCEDURES ACT**<br>) **("CIPA") AND MOTION TO**<br>) **DESIGNATE CLASSIFIED**<br>) **INFORMATION SECURITY**<br>) **OFFICER ("CISO")** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the District of Minnesota and Assistant United States Attorney Bradley Endicott and Trial Attorney Nicholas Hunter from the National Security Division, hereby informs the Court and defendant Mohammad Jawaid Aziz ("defendant"), by and through his counsel of record, of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to issues relating to classified information that may arise before trial. The government provides such notice pursuant to 18 U.S.C. App. 3, § 2. In addition, the government respectfully moves this Court to designate a Classified Information Security Officer ("CISO") for this case.

## **INTRODUCTION**

The government anticipates that it will need to bring to the Court's attention a discrete set of discovery issues involving certain classified material

1

and to do so, it will need to proceed under CIPA.  The government expects that these CIPA proceedings will be limited in scope. In anticipation of such proceedings, the government is filing this notice to inform the Court and the defense of its intent to invoke CIPA in this case.

## CIPA PROCEDURAL FRAMEWORK

CIPA mandates several protocols for protecting classified information in criminal proceedings.  "Classified information," as referred to in CIPA, includes "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security."  18 U.S.C. § App. 3, § 1(a).  "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence."  *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013) (citations omitted).  Essentially, CIPA is "a procedural tool for a court to address the relevance of classified information before it may be introduced." *United States v. Marzook*, 412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006) (citing *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005)); *see also United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information.").  CIPA's fundamental purpose is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial."

2

*United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002).

### A.    Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. 3, § 2.  After such a motion is filed, § 2 mandates that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."  *Id.*  The Section 2 pretrial conference is not a conference to address or resolve substantive issues concerning the use of classified information.  *See* S. Rep. No 96-823, at 5-6 (1980), 1980 U.S.C.C.A.N. 4294, 4298-99.[1]

The government is not moving for such a pretrial conference at this time but may do so in the future.

### B.    Protective Orders for Classified Information

Section 3 of CIPA requires the court, upon the request of the government, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."  In addition to prohibiting such disclosure, protective orders issued under

---

[1] Indeed, to foster open discussions at the pretrial conference, § 2 provides that no admission made by the defendant or his or her attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his or her attorney.  18 U.S.C. App. 3, § 2.

CIPA generally set forth rules for all parties governing the use and storage of classified information.

Here, the government does not anticipate disclosing classified information to defense counsel in this case.

### C.    Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.  18 U.S.C. App. 3 at § 4; *see, e.g.*, *United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998).  Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  The legislative history of CIPA makes clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security.  See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1984).

Accordingly, pursuant to CIPA Section 4, district courts have the opportunity to assess whether specified items of classified information should be disclosed. Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United
> States to delete specified items of classified

information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 at § 4. In essence, Section 4 allows the government to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.[2] *See United States v. Libby*, 429 F. Supp. 2d 18, 21-22 (D.D.C. Apr. 5, 2006) (amended by *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *see also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998); *Rezaq*, 134 F.3d at 1142; *United States v. Yunis*, 867 F.2d 617, 619-625 (D.C. Cir. 1989); *Pringle*, 751 F.2d at 427-28.

Under CIPA Section 4, a district court has the authority to withhold disclosure of classified information if it determines that the information is not "relevant and helpful to the defense of an accused." *Klimavicius-Viloria*, 144 F.3d at 1261 (internal quotation and citation omitted); *see also United States v.*

---

[2] In determining whether classified information provided to a court under CIPA is relevant and potentially discoverable, it is appropriate for a court to meet with government counsel *ex parte* to consider the matter. *See United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006); *Libby*, 429 F. Supp. 2d at 24-25.

5

*Shih*, 73 F.4th 1077, 1102 (9th Cir. 2023) (quoting <u>Sedaghaty</u>, 728 F.3d at 904));

*United States v. Amawi*, 695 F.3d 457, 469-70 (6th Cir. 2012); *see also Yunis*, 867

F.2d at 623 ("[A] defendant seeking classified information . . . is entitled only to

information that is at least 'helpful to the defense of [the] accused.'" (quoting

*Roviaro v. United States*, 353 U.S. 53, 60-61 (1957))).  "Under this [relevant and

helpful] test, information meets the standard for disclosure 'only if there is a

reasonable probability that, had the evidence been disclosed to the defense, the

result of the proceeding would have been different.'"  *Klimavicius-Viloria*, 144

F.3d at 1261 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government

may demonstrate that the use of an alternative discovery procedure—such as

deletion or substitution—is warranted.  CIPA further specifically provides that

the government may make this showing *in camera* and *ex parte*.  18 U.S.C. App.

3, § 4; <u>see</u> <u>Amawi</u>, 695 F.3d at 472 ("[E]very court that has considered this issue

has held that CIPA permits ex parte hearings."); *United States v. Hanna*, 661

F.3d 271, 295 (6th Cir. 2011) ("This court has already stated that CIPA 'permits

the government to have the trial court examine classified information in camera

and ex parte and determine whether it is necessary for the defense.'" (quoting

*United States v. Smith*, 899 F.2d 564, 565 n.1 (6th Cir. 1990))); *see also Shih*, 73

F.4th at 1102; *United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010);

*Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d at 622-23; *Sarkissian*, 841 F.2d at 965.

A security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level.    Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue.  *See* Exec. Order 13526 § 4.1(a)(3).

Likewise, while the defendant may be entitled to notice when the government initiates CIPA proceedings under Section 4 or 6, there is "no due process right to receive a description of materials in the government's possession that are not discoverable."  *Sedaghaty*, 728 F.3d at 909 (citing *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (noting that, in the context of CIPA, as in other discovery in criminal cases, defendant is "'not entitled to access to any of the evidence reviewed by the court . . . to assist in his argument' that it should be disclosed" (citation omitted))).  Indeed, a district court considering a motion to withhold classified information "must first determine whether the material in dispute is discoverable."  *Hanna*, 661 F.3d at 295; *see Sedaghaty*, 728 F.3d at 904 ("[A] district court must first determine whether . . . the information at issue is discoverable at all.").  Only if the information is discoverable must the court then examine whether it is also relevant and helpful to the defense.  *Sedaghaty*, 728 F.3d at 904.  A defendant, however, may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of

any classified materials. *See id.* at 906 n.10; *see also United States v. Abdul-Latif,* CR11-0228JLR, Dkt. 87 (Order Granting Government's *In Camera, Ex Parte* Motion) (W.D. Wash. 2012).

The government expects to file a motion seeking deletion of classified information from discovery pursuant to CIPA section 4 by July 14, 2025, which is the current deadline for government disclosures set by the Court. *See* ECF No. 28.

**D.   Procedures for Classified Information Possessed by a Defendant**

In the event that a defendant reasonably expects to disclose or cause the disclosure of classified information, Sections 5 and 6 of CIPA apply. See, e.g., *United States v. Renzi,* 769 F.3d 731, 750-51 (9th Cir. 2014); *United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1363 (11th Cir. 1994); *United States v. Collins,* 720 F.2d 1195, 1199-1200 (11th Cir. 1983). Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. See 18 U.S.C. App. 3, § 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. *See Collins,* 720 F.2d at 1199. The defendant must provide formal notice under § 5 even if the government believes

or knows that the defendant may assert a defense involving classified information. See *United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to § 6, and any appeal by the government under § 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. 3, § 5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. *Id.* at § 5(b).

Section 6 describes the procedures by which the court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information. 18 U.S.C. App. 3, § 6. Section 7 sets forth the United States's exclusive right to seek an interlocutory appeal of a "decision or order authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." 18 U.S.C. App. 3, § 7(a).

### E. Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial

Section 8 of CIPA prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.  To prevent "unnecessary disclosure" of classified information, Section 8(b) permits the court to order admission into evidence of only a part of a writing, recording, or photograph, or the entirety of said items with all or part of the classified information contained therein excised, unless fairness requires that the entirety of the relevant item be considered.

Section 8(c) of CIPA provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under § 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. 3, § 8(c).  Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  *Id.*  In effect, this procedure supplements the notice provision under § 5 and the hearing provision in § 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823

at 11, 1980 U.S.C.C.A.N. at 4304-5.

### F.    Security Procedures

Section 9 of CIPA requires the Chief Justice of the United States, in consultation with certain executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  *See* 18 U.S.C. App. 3 § 9(a).  Security procedures established pursuant to this provision are codified following Section 9 of CIPA.

### G.    Motion for Designation of a Classified Information Security Officer ("CISO")

In anticipation of the issues relating to classified information that may arise in this case, the government hereby requests that the Court designate a CISO pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA.  That section provides:

In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer." The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 § 2. *See* CIPA, Pub. L. 96-456 § 9, 94 Stat. 2025 (1980) (found in the statutory notes to § 9).

Classified Information Security Officers[3] designated pursuant to this process are responsible for the security of all classified information in the court's custody and for assisting the court with appropriate security clearances for court staff as well as the handling and storage of any classified materials, including any pleadings or other filings related to CIPA proceedings. *Id.*

As set forth in the attached proposed order (Exhibit A), the United States through the Department Security Officer, James L. Dunlap, recommends that the Court designate William S. Noble, as the CISO for this case, to perform the duties and responsibilities prescribed for CISOs in the Security Procedures promulgated by the Chief Justice. Mr. Noble is an employee of the Litigation Security Group of the U.S. Department of Justice with demonstrated competence in security matters. The Department of Justice Security Officer will certify that Mr. Noble holds all proper security clearances by separate written correspondence officially nominating Mr. Slade as CISO. The United States further requests that the Court designate the following persons as alternate CISOs, to serve in the event Mr. Noble is unavailable: Daniella M. Medel, Daniel O. Hartenstine, Matthew W. Mullery, Harry J. Rucker, and Winfield S. "Scooter" Slade. Each of these alternate CISOs are also from the Litigation Security Group of the Department of Justice and hold appropriate security clearances. Attached as Exhibit B is a May 19, 2025 letter to the Court from Mr. Dunlap recommending the appointments described above.

---

[3] In the original Security Procedures, the title of the position was "Court Security Officer." In the revised security procedures promulgated by Chief Justice Roberts, the position is now known as "Classified Information Security Officer," commonly referred to as a "CISO."

## CONCLUSION

The government hereby provides notice to the Court and counsel of CIPA's applicability to this matter and an outline of CIPA's procedural framework.  Although the government is not moving for a § 2 pretrial conference at this time, it may do so in the future, and stands ready to answer any additional questions the Court may have. In addition, for the reasons provided above, the government respectfully requests that the Court enter the attached proposed order providing for the designation of a CISO for this case.

Dated: May 29, 2025

Respectfully  Submitted,

LISA D. KIRKPATRICK
Acting United States Attorney

*s/ Nicholas O. Hunter*

NICHOLAS O. HUNTER
Trial Attorney
National Security Division

BRADLEY M. ENDICOTT
Assistant U.S. Attorney